HENRY L. MOORE v. BURGESS MOORE *et al.*

(No. 8771)

Submitted September 14, 1938. Decided October 11, 1938.

*John B. Wyatt* and *Harvey W. Harmer,* for plaintiffs in error.

*John C. Southern,* for defendant in error.

HATCHER, JUDGE:

Mrs. Mary F. Moore departed this life July 30, 1936, aged eighty years. With the advancing years her mind had failed to such an extent that on July 15, 1935, a committee was appointed for her. She was survived by three sons, Henry, Owen and Burgess. She left four wills, all of which the county court refused to probate. Appeals to the circuit court were had on three of the wills. A jury found that none was hers and the circuit court sustained the verdict. Owen and Burgess Moore allege error in the judgment as to two of the wills.

The wills in question here were dated August 13, 1923, and December 14, 1934, respectively. Both were validly executed. The first will, after a bequest to a granddaughter, gave all the residue of Mrs. Moore's property to her three sons, equally. The second gave all her property to Owen and Burgess, equally. The first is concededly valid unless revoked by the second. Henry opposes the second on the ground that Mrs. Moore was incapable mentally of making it. His evidence consists mainly of the testimony of three witnesses, two of whom were old acquaintances who talked to Mrs. Moore in 1933, and the other was a youth who was in touch with Mrs. Moore several months in 1933. Their testimony concurred that in the summer and fall of 1933, her memory had failed materially and her mental condition generally was very bad; and each thought her incapable of making a will then. M. A. Samples, who had done some occasional work for Mrs. Moore, was of opinion she was incompetent to make a will in April, 1935; but he did not recall seeing her for several months before and after December 14, 1934, and would not commit himself on her mentality as of that date. Her family physician testified that her bodily ailments were incurable and progressive;

but he would not say just how long before July, 1935, she became incompetent to transact business. The testimony supporting the second will is mainly that of two attorneys, O. J. Andre and his law partner, L. P. Caulfield, and of a state police officer, C. W. Hissom (who had recently traced some missing bonds of Mrs. Moore). On December 14, 1934, Mrs. Moore voluntarily instructed Mr. Andre to prepare for her the will of that date, recalling at the time the will of 1928 and its terms, and giving as the reason for making the second will that since Henry had appropriated to himself "a considerable portion of her property (an evidential fact), it was only fair to the other boys that they should have the rest." After the will was prepared, Mr. Andre, proceeding purposely with caution, had Mr. Caulfield and Mr. Hissom present when the will was read to and signed by Mrs. Moore. At her request the three subscribed as witnesses. They concurred that while Mrs. Moore's mental reactions were slow, she named, without suggestion, the several items of property she owned and was devising, recalled the beneficiaries of the will, and discussed several other matters intelligently. The three were of opinion that at the time Mrs. Moore was mentally capable of making the will.

Counsel for Henry takes the position that the evidence relating to Mrs. Moore's mentality on December 14, 1934, is conflicting, making its determination a jury question, and that the finding of the jury thereon cannot properly be disturbed. Only such inference as would arise from the evidence of Mrs. Moore's incapacity to make a will in 1933 and 1935, conflicts with the evidence of her capacity on December 14, 1934. That date is cynosural. *Payne* v. *Payne*, 97 W. Va. 627, 125 S. E. 818; *Kerr* v. *Lunsford*, 31 W. Va. 659, 8 S. E. 493, 2 L. R. A. 668, (point 18 of syllabus). The testimony of Messrs. Andre, Caulfield and Hissom is disinterested and not directly controverted in any manner. It demonstrates that whatever the mental condition of Mrs. Moore before and after December 14, 1934, she had sufficient understanding on that day to

execute a valid will. The inference to the contrary fades in the light of their testimony, and the circuit court should have so instructed the jury.

The judgment is reversed, the verdict set aside and a new trial awarded Owen and Burgess.

*Reversed; verdict set aside; new trial awarded.*